**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

SCOTT M. HABLUTZEL, #Y46216,      )
                                       )
           **Plaintiff,**         )
                                       )
      **vs.**                     )     **Case No. 23-cv-03375-JPG**
                                       )
FAYETTE COUNTY ILLINOIS,      )
FAYETTE COUNTY, ILLINOIS      )
SHERIFF'S DEPARTMENT,        )
SHERIFF RONNIE STEVENS,       )
DUSTIN CADE,                    )
BLAIN REDMAN,                 )
BROC RICH, and                )
POLICE DEPT. VANDALIA, IL,     )
                                       )
         **Defendants.**       )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Scott M. Hablutzel, an inmate in the Illinois Department of Corrections and currently incarcerated at Illinois River Correctional Center, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for intentional infliction of emotional distress caused by events preceding his state prosecution for unlawful possession of a firearm and for constitutional deprivations stemming from the denial of mental health treatment at Fayette County Jail. He seeks monetary relief.[1] (Doc. 1).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A,

---

[1] This is one of four complaints Plaintiff filed on October 13, 2023. *See also Hablutzel v. Fayette County, Illinois, et al.*, Case No. 23-cv-03370-NJR; *Hablutzel v. Fayette County, Illinois*, Case No. 23-cv-03371-DWD; and *Hablutzel v. Fayette County Illinois, et al.*, Case No. 23-cv-03372-JPG. All four complaints concern events occurring between March 19-24, 2021, in the days leading up to Hablutzel's state prosecution. The complaints in two cases, *i.e.*, Case No. 23-cv-03370-NJR and Case No. 23-cv-03371-DWD, are virtually identical to one another. The third complaint, *i.e.*, Case No. 23-cv-03372, addresses claims for malicious deprivation of his property.

which requires the Court to screen prisoner complaints and filter out claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or ask for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(a)-(b). The factual allegations of the *pro se* Complaint are liberally construed at this stage.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In the Complaint, Plaintiff alleges that the defendants caused the intentional infliction of emotional distress when they engaged in misconduct that resulted in his conviction for being a felon in possession of a firearm in Case No. 2021-CF-252.  (Doc. 1).  Sheriff Stevens contacted his girlfriend and told her that Plaintiff was cheating on her on March 24, 2021, when he was really just using another woman's garage to restore a vehicle.  Unbeknownst to Plaintiff, the garage also contained a gun.  Plaintiff was arrested and charged with the unlawful possession of a firearm. Sheriff Stevens, Officer Cade, Officer Redman, and Officer Rich allegedly failed to preserve body camera footage showing that the firearm was actually staged.   Plaintiff maintains that the defendants' misconduct led to his conviction and sentence for unlawful possession of a firearm following his trial on July 18, 2023.  He asserts violations of numerous state laws.  *Id*. at 2.

While confined in Fayette County Jail awaiting sentencing, Plaintiff suffered a mental health crisis.  He became so distressed that he "clench[ed] his teeth in anger [un]til blood r[an] from [his] mouth."  *Id*.  He had vivid and persistent dreams of committing grisly murders.  Plaintiff begged for mental health treatment, but Fayette County Jail did not prioritize mental health.  This denial of necessary treatment violated his federal constitutional rights.  *Id*. at 4.

## Discussion

Based on the allegations, the Court designates the following claims in the *pro se* Complaint:

Count 1:    Illinois state law claim for intentional infliction of emotional distress against Sheriff Stevens for contacting Plaintiff's girlfriend to say he was cheating on March 24, 2021.

Count 2:    Illinois state law claim for intentional infliction of emotional distress against Sheriff Stevens, Officer Cade, Officer Redman, and Officer Rich for failing to preserve exculpatory evidence for use in Case No. 2021-CF-252.

Count 3:    Eighth or Fourteenth Amendment claim against Fayette County Jail for failing to provide Plaintiff with mental health treatment for severe emotional distress.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[2]**

### Preliminary Dismissals

Plaintiff identifies the following defendants in the Complaint but makes no allegations against them: Fayette County, Illinois; Fayette County Sheriff's Department; and Vandalia Police Department.  If a plaintiff fails to include the name of a defendant in his statement of claim or make any allegations against them, that defendant cannot be said to have notice of which claims, if any, are directed against the party.  FED. R. CIV. P. 8(a)(2).  In other words, merely invoking the name of a potential defendant is not enough to state a claim.  *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Accordingly, all three defendants shall be dismissed without prejudice.

### Counts 1 and 2

Plaintiff brings two separate claims for intentional infliction of emotional distress caused by the defendants' violations of state law leading up to his arrest.  Count 1 arises from allegations of misconduct by Sheriff Stevens, who contacted Plaintiff's girlfriend and told her Plaintiff was

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

unfaithful.  Count 2 arises from allegations of misconduct by Sheriff Stevens, Officer Cade, Officer Redman, and Officer Rich for failing to preserve exculpatory evidence.  Both claims arise from various violations of Illinois law.

Violations of state law do not give rise to liability against a state actor under § 1983.  *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003) (citing *Windle v. City of Marion, Ind.*, 321 F.3d 658, 662-63 (7th Cir. 2003); *White v. Olig*, 56 F.3d 817, 820 (7th Cir. 1995) ("It is therefore a truism, reiterated many times by this court, that mere allegations of state law infractions are insufficient to support a Section 1983 claim.")).  It is only when a state official's conduct violates federal statutory or constitutional standards that § 1983 liability may be imposed.  Plaintiff identifies no deprivations of his federal rights stemming from these facts, so neither claim can proceed under § 1983.

Even if federal rights violations were alleged, Plaintiff's claims for money damages may not be pursued under § 1983, if the success of the claims necessarily implies the invalidity of his criminal conviction or sentence.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  On the present record, the Court lacks sufficient information to determine whether these claims, or any portion of them, are *Heck*-barred.  If so, the claims cannot proceed under § 1983, unless and until his conviction is overturned.  His path to relief may include a direct appeal, petition for post-conviction relief, or petition for writ of habeas corpus.

Finally, Counts 1 and 2 are improperly joined with Count 3.  These claims share no common defendants, questions of fact, or questions of law.  *See* FED. R. CIV. P. 18-21.  The Court has discretion to sever or dismiss both claims for improper joinder and will exercise that discretion here.  *Dorsey v. Varga*, 55 F.4th 1094 (7th Cir. 2022); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  In doing so, the Court notes that Counts 1 and 2 overlap with Case Nos. 23-cv-03370-

NJR and 23-cv-03371-DWD.  Plaintiff should consider pursuing Counts 1 and/or 2 there.

For each of these reasons, Counts 1 and 2 cannot proceed as pleaded against the defendants under § 1983[3] and shall be dismissed for improper joinder as well.  This dismissal shall be without prejudice, so Plaintiff may pursue them in another case.  He is **WARNED** that any attempt to re-plead Counts 1 and 2 in this action will result in severance of these claims into separate suits that include the assessment of an additional filing fee for each suit and the assessment of a "strike" if the suit is dismissed for one of the reasons stated in 28 U.S.C. § 1915(g).

### Count 3

Going forward, this case will focus on Count 3.  Plaintiff's claim for the denial of mental health treatment at Fayette County Jail is governed by the Fourteenth Amendment, if he was a pretrial detainee when the claim arose, and the Eighth Amendment, if he was a prisoner.  Either way, he has not stated a claim against Fayette County Jail.  The Jail is not named as a defendant. Even if it was, Count 3 would not survive screening because the Jail is not a "person" subject to suit under § 1983.  *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993).  A defendant must have the legal capacity to be sued, and the Jail is not a legal entity at all.  FED. R. CIV. P. 17(b).  Therefore, Count 3 shall be dismissed without prejudice for failure to state a claim.

The Complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.  Plaintiff will have an opportunity to file a First Amended Complaint to address his claims for the denial of mental health treatment at Fayette County Jail (Count 3).  If he chooses to amend, Plaintiff must comply with the deadline and instructions set forth below.  He is **WARNED** that failure to do so shall result in dismissal of the entire action.

---

[3] State law claims can proceed alongside federal claims under certain circumstances.  28 U.S.C. § 1367. However, no federal claims survive screening here, so the state law claims shall also be dismissed.  *Id*.

**Disposition**

**IT IS ORDERED** that the **COMPLAINT** (Doc. 1) is **DISMISSED** without prejudice. This includes dismissal without prejudice of: **COUNT 1** against Defendant **STEVENS** for failure to state a claim and for improper joinder; **COUNT 2** against Defendants **STEVENS, CADE, REDMAN,** and **RICH** for failure to state a claim and for improper joinder; and **COUNT 3** against a non-party for failure to state a claim.  **ALL DEFENDANTS** are **DIMISSED** without prejudice from this action.

Plaintiff is **GRANTED** leave to file a First Amended Complaint that focuses on Count 3, the denial of mental health treatment at Fayette County Jail.  The First Amended Complaint is due on or before **January 5, 2024**.

Plaintiff should pursue **COUNTS 1** and **2** in a separate action.  The Court will sever improperly joined parties or claims into separate cases, for which Plaintiff will incur a filing fee and may also receive a "strike" for its dismissal under 28 U.S.C. § 1915(g).

The First Amended Complaint is subject to review under 28 U.S.C. § 1915A.  Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District.  He should label the form "First Amended Complaint" and list the case number (No. 23-cv-03375-JPG) on the first page.  Plaintiff should identify each defendant in the case caption and include enough allegations in the statement of claim to describe what each defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how. . . ."), and include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and actions.  Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, but he must describe

6

each Doe Defendant and their involvement in the alleged unconstitutional conduct (*e.g.*, John Doe did X and Jane Doe did Y).

Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire action will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**<u>The Clerk of Court is DIRECTED to TERMINATE DEFENDANTS in CM/ECF and SEND two (2) blank civil rights complaint forms to Plaintiff, along with this Order.</u>**

**IT IS SO ORDERED.**
**DATED:  12/7/2023**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**