**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| SCOTT M. HABLUTZEL, #Y46216, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-cv-03375-JPG |
| | ) | |
| RONNIE STEVENS, | ) | |
| MATT M., | ) | |
| JANE DOE 1, | ) | |
| and JANE DOE 2, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Scott M. Hablutzel, an inmate in the Illinois Department of Corrections (IDOC) who is currently incarcerated at Illinois River Correctional Center. (Doc. 11). Plaintiff claims he was denied mental health treatment at Fayette County Jail. He seeks monetary relief against Sheriff Ronnie Stevens, Jail Administrator Matt M., Nurse Jane Doe 1, and Md Practitioner Jane Doe 2. *Id*.

The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or ask for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(a)-(b). The factual allegations of the *pro se* complaint are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**First Amended Complaint**

Plaintiff sets forth the following allegations in the First Amended Complaint (Doc. 11, pp. 15-19): While confined in Fayette County Jail awaiting sentencing in August 2023, Plaintiff suffered a mental health crisis. He began having graphic nightmares in which he harmed law enforcement officers, by murdering, disfiguring, and dismembering them. *Id*. at 15. The nightmare caused him to "clench his teeth in anger [un]til blood r[an] from [his] mouth." *Id*.

Plaintiff begged the Jail's staff for mental health treatment, but it was never provided. *Id*. When he first requested treatment on August 2, 2023, Officer Melissa escorted him to meet with Jail Administrator Matt M., who said there was "currently no employee equipped to handle a crisis." *Id*. at 15-16. The jail administrator assured Plaintiff that he would relay the request for mental health treatment to Sheriff Stevens. *Id*.

Plaintiff sent a second request for treatment to "mental health" on August 9, 2023, and Officer Melissa responded six days later by taking him to a booking room to meet with Nurse Jane Doe. *Id*. at 16. He described his nightmares and homicidal urges in detail, and he also described the blood on his pillow when he awoke. Plaintiff stated that he felt the urge to cause massive bodily harm, even after waking up. Nurse Jane Doe 1 explained that there was "currently no employee equipped to handle a crisis." *Id*. at 16-17. However, Plaintiff's name would be placed on a list of inmates who need mental health treatment, and he would be given top priority if treatment became available. *Id*. at 17. Nurse Doe 1 assured Plaintiff that she would relay his request for mental health treatment to Sheriff Stevens. Plaintiff also spoke briefly with a "professional" who mentioned medication, and Plaintiff explained that he would only take medication after speaking with a mental health professional. *Id*.

2

Plaintiff sent two more requests to "mental health" for treatment on August 22, 2023, after he awoke from vivid homicidal nightmares to find blood on his pillow. *Id*. at 18. He reported an "extreme desire to beat, shoot, stab and [cause] gross neglect of a corpse." *Id*. Six days later, Officer Melissa responded by escorting Plaintiff to a booking room to meet with Md Practitioner Jane Doe 2 in the presence of Officer Broc. *Id*. When Plaintiff explained that he had "zero thoughts" of hurting himself and only wanted to harm others, Md Practitioner Doe 2 became visibly uncomfortable and left the meeting two minutes later. On the way out, she attempted to prescribe medication. *Id*. Plaintiff received no medication and no treatment. *Id*. He transferred into IDOC custody five weeks later on September 28, 2023. *Id*. at 19. He now seeks money damages for violations of his rights under the Fourteenth Amendment Due Process Clause. *Id*.

## Discussion

Based on the allegations, the Court designates the following claim in the *pro se* First Amended Complaint:

> Count 1:    Eighth or Fourteenth Amendment claim against Defendants for failing to provide Plaintiff with mental health treatment for severe emotional distress while at Fayette County Jail from August 1 – September 28, 2023.

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[1]**

### Preliminary Dismissals

Plaintiff mentions the following individuals in his statement of claim without naming them as defendants in the First Amended Complaint: Officer Melissa, Officer Broc, and a "Professional." When parties are not named in the case caption or the list of defendants, the Court will not treat them as such. FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be

properly considered a party, a defendant must be "specif[ied] in the caption"). Accordingly, any

claims against these individuals are considered dismissed without prejudice.

### Count 1[2]

The standard for this claim depends on Plaintiff's status as a pretrial detainee or a convicted

prisoner when his claims arose. The claim is governed by the Fourteenth Amendment, if he was

a pretrial detainee, and the Eighth Amendment, if he was a convicted prisoner. The Court will

examine this claim under both standards.[3]

Under the Fourteenth Amendment, a detainee must set forth allegations showing that each

defendant acted purposefully, knowingly, or perhaps even recklessly in connection with a

plaintiff's treatment and also show that the challenged conduct was objectively unreasonable under

"the totality of the facts and circumstances faced by the individual alleged to have provided

inadequate medical care." *McCann v. Ogle Cty., Ill.,* 909 F.3d 881, 886 (7th Cir. 2018). Plaintiff

has described conduct on the part of each defendant, which suggests that they knew of his serious

mental health issues and responded in an objectively unreasonable manner by delaying their

responses to his requests for treatment and also denying his pleas for treatment. Count 1 survives

screening against all defendants under the Fourteenth Amendment standard.

Under the Eighth Amendment, a plaintiff must show that each defendant responded to his

serious mental health needs with deliberate indifference. *Sanville v. McCaughtry*, 266 F.3d 724

(7th Cir. 2001). The allegations describe serious mental health needs, characterized by vivid

---

[2] Plaintiff asserted the same claim in his original Complaint (Doc. 1), and the Court identified it as "Count 3" in the Order Dismissing Complaint (Doc. 10). The claim has been renumbered here as "Count 1."
[3] Plaintiff alleges that he began experiencing nightmares after he was convicted, which suggests that the Eighth Amendment standard controls. However, he invokes the Fourteenth Amendment standard applicable to pretrial detainees. Given this, the Court will address his claims under both legal standards.

homicidal dreams and a fixation on harming law enforcement officers while awake. The defendants' failure to obtain any treatment for these severe, ongoing, and unrelenting urges could rise to the level of deliberate indifference. Count 1 survives screening under the Eighth Amendment standard against all defendants.

Under the circumstances, the Court will allow Count 1 to proceed under the Eighth and Fourteenth Amendment against all defendants, in their individual capacities. The parties can sort out the exact legal standard that governs the claim as this case proceeds.

## Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with his claim against Nurse Jane Doe 1 and MD Practitioner Jane Doe 2. However, the defendants must be identified with particularity before service of the lawsuit can be made on them. Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of the defendants. *Rodriguez*, 577 F.3d at 832. Sheriff Stevens is already named as a defendant, in his individual capacity, and is also added, in his official capacity, for purposes of responding to discovery aimed at identifying the unknown defendants. Once identified, Plaintiff must file a motion to substitute the newly identified defendants in place of the generic designations in the caption and throughout the First Amended Complaint.

## Pending Motions

Plaintiff's request for court-recruited counsel (Docs. 12 and 13) is **DENIED without prejudice**. A district court presented with a request for counsel by an indigent person must consider, first, whether the plaintiff has made reasonable attempts to secure counsel and, if so, "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)). Plaintiff has not satisfied the

second *Pruitt* factor.  He has demonstrated his ability to represent himself thus far, by filing organized and coherent pleadings and meeting court-imposed deadlines.  This case involves a single, straightforward claim against four defendants, and Sheriff Stevens has been added in an official capacity to help identify the two unknown defendants.  Plaintiff has some college education and admits spending significant time studying the law.  He has also identified no impediments to self-representation.  If his situation changes, Plaintiff may renew his request for counsel by filing a new motion as the case proceeds.

**<u>Disposition</u>**

**IT IS ORDERED** that the First Amended Complaint (Doc. 11) survives screening under 28 U.S.C. § 1915A.  **COUNT 1** will proceed against **ALL DEFENDANTS**, in their individual capacities.  Sheriff Stevens is also **ADDED**, in his official capacity, for purposes of responding to discovery aimed at identifying Nurse Jane Doe 1 and Md Practitioner Jane Doe 2.

**<u>Because this action arises from the alleged denial of medical care, the Clerk of Court is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.</u>**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **SHERIFF RONNIE STEVENS (individual and official capacities), JAIL ADMINISTRATOR MATT M.,** and, once identified, **NURSE JANE DOE 1,** and **Md PRACTITIONER JANE DOE 2**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 11), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the

6

Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

IT IS ORDERED that, if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are ORDERED to timely file an appropriate responsive pleading to the First Amended Complaint (Doc. 11) and shall not waive filing a reply under 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merits Review Order**.

IT IS ORDERED that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is ADVISED that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 2/22/2024**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**United States District Judge**

### <u>Notice</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your First Amended Complaint.  After service has been achieved, the defendants will enter an appearance and file an Answer to your First Amended Complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is possible that it will take 90 days or more.  When the defendants have answered, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before the defendants' attorneys file an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.